

FILED by \_\_MM\_\_ D.C.

Jul 27, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **22-60164-CR-SINGHAL/STRAUSS**

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)(A)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

EGO FERGUSON, SR.,

      Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Paycheck Protection Program

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.     In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan

application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

5. The defendant, **EGO FERGUSON, SR.**, was a resident of Pompano Beach, Florida.

6. Loan Processor A, based in California, was a financial technology company that

processed PPP loan applications for small businesses in 2020.

7. Borrowers 1 through 6 were small business owners located in South Florida and elsewhere.

### COUNTS 1-6
### Wire Fraud
### (18 U.S.C. § 1343)

1. The General Allegations set forth in paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2. From in or around March 2020, through in or around July 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**EGO FERGUSON, SR.,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

It was the purpose of the scheme and artifice for the defendant to unjustly enrich himself by submitting false and fraudulent PPP loan applications on behalf of various companies, while falsely certifying the companies' employee payroll amounts and number of employees, to obtain loans for which the companies were not entitled, and to receive a fee of approximately twenty percent of the loan amount.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant, **EGO FERGUSON, SR.**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

3. **EGO FERGUSON, SR.** reached out to various small business owners, directly or indirectly, and offered to obtain loans for them.

4. **EGO FERGUSON, SR.** caused the preparation of false and fraudulent PPP loan applications for small business owners, including Borrowers 1 through 6, which were submitted through Loan Processor A. In the loan applications, **EGO FERGUSON, SR.** substantially and falsely inflated the number of employees and average payroll amounts of the small businesses. In addition, **EGO FERGUSON, SR.** caused the submission to Loan Processor A of false and fraudulent Internal Revenue Service ("IRS") Form 941s that falsely and fraudulently indicated that these small businesses had paid employee wages and taxes that the small businesses had not actually paid.

5. **EGO FERGUSON, SR.** caused the creation of email addresses that did not belong to the small business owners so that **EGO FERGUSON, SR.** could communicate with Loan Processor A regarding the PPP loan applications for the small business owners.

6. Once the loan application had been paid, **EGO FERGUSON, SR.** charged a fee from the small business owners of approximately twenty percent of the loan. **EGO FERGUSON, SR.** received payment from the borrowers either by wire transfer, check or cash.

7. **EGO FERGUSON, SR.** kept folders in his residence with handwritten notes and electronic files on each small business owner's company with information on the PPP loan application. **FERGUSON, SR.** also maintained an electronic spreadsheet showing apparent PPP

loans submitted for various companies totaling over $6 million.

## USE OF THE WIRES

On or about the dates set forth below, the defendant, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, that is, a submission of a fraudulent PPP loan application to Loan Processor A, as specified in each count below:

| Count | Approximate Date | Wire Transmission |
|---|---|---|
| 1 | May 4, 2020 | Electronic submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $112,500 in proceeds for Borrower 1 |
| 2 | May 4, 2020 | Electronic submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $102,625 in proceeds for Borrower 2 |
| 3 | May 5, 2020 | Electronic submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $100,000 in proceeds for Borrower 3 |
| 4 | May 8, 2020 | Electronic submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $146,165 in proceeds for Borrower 4 |
| 5 | May 8, 2020 | Electronic submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $877,160 in proceeds for Borrower 5 |

| Count | Approximate Date | Wire Transmission |
|---|---|---|
| 6 | June 13, 2020 | Electronic Submission of false and fraudulent PPP loan application by **EGO FERGUSON, SR.** in the Southern District of Florida to Loan Processor A in California seeking $938,900 in proceeds for Borrower 6 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7-9
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. Paragraphs 1 through 7 of the General Allegations Section and paragraphs 1 through 7 of the Manner and Means Section of Counts 1 through 6 are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth in each Count below, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**EGO FERGUSON, SR.,**

did knowingly engage in, and cause others to engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Approximate Date | Description of Transaction |
|---|---|---|
| 7 | May 7, 2020 | Wire transfer in the amount of approximately $20,000 from a bank account of Borrower 3 in the Southern District of Florida to a bank account of **EGO FERGUSON, SR.** in the Southern District of Florida |

| Count | Approximate Date | Description of Transaction |
|---|---|---|
| 8 | May 8, 2020 | Check in the amount of approximately $22,500 from a bank account of Borrower 1 in the Southern District of Florida deposited in a bank account of **EGO FERGUSON, SR.** in the Southern District of Florida |
| 9 | June 29, 2020 | Wire transfer in the amount of approximately $52,240 from a bank account of Borrower 6 in Texas to a bank account of **EGO FERGUSON, SR.** in the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1957 and 2.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(2)(A))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **EGO FERGUSON, SR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 through 6 of this Indictment, the defendant, shall forfeit to the United States any property constituting, or derived from proceeds the defendant obtained directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in Counts 7 through 9 of this Indictment, the defendant, **EGO FERGUSON, SR.**, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  CASE NO.: _____

v.

EGO FERGUSON, SR.,

**CERTIFICATE OF TRIAL ATTORNEY***

Defendant.

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☑ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☑ 0 to  5 days                 ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Michael N. Berger
Assistant United States Attorney
Court ID No.     A5501557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: EGO FERGUSON, SR.

**Case No**:

Counts #: 1 – 6

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 7 – 9

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice the amount of the criminally derived property involved in the transaction**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.